**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Kubicek Architects & Associates, Inc., an Arizona Corporation,<br><br>      Plaintiff,<br><br>v.<br><br>Bruce C. Bosley and Joanne M. Bosley, husband and wife, and the Bosley Group, Inc., an Arizona Corporation,<br><br>      Defendants. | No. CV 09-00145-PHX-MHM<br><br>**ORDER** |

Currently before the Court is Defendants' Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. #7). After reviewing the pleadings, the Court issues the following Order.

**I.      Discussion**

Defendants move to dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted pursuant to Fed.R.Civ.P. 12(b)(6). (Dkt. #7) A motion to dismiss under Fed.R.Civ.P. 12(b)(6) seeks to test the legal sufficiency of the factual allegations made in the Complaint. Under Fed.R.Civ.P. 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Id. To survive a motion to dismiss for failure to state a claim, the plaintiff must simply allege facts sufficient "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570

(2007). This pleading standard governs "all civil actions and proceedings in the United States district courts." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1953 (2009). However, a "motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." Gilligan v. Jamco Development Corp., 108 F.3d 246, 249 (9th Cir. 1997).

Defendants argue that Plaintiff should be required to plead the copyright infringement claim with a heightened degree of specificity. They rely on Paragon Services, Inc. v. Hicks, 843 F. Supp. 1077, 1081 (E.D. Va. 1994), and urge this Court to require Plaintiff to state (1) which specific original works are the subject of the claim, (2) that plaintiff owns the copyrights in issue, (3) that the works in issue have been registered, and (4) by what acts and during what time frame defendants have infringed on the copyright.

However, heightened pleading standards apply only to claims that fall under Rule 9(b), averments of fraud or mistake. All other claims are governed by Rule 8, which merely requires "a short and plain statement showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). For this reason, Paragon has been criticized by a number of treatises and other federal courts. E.g., 5 Charles A. Wright & Arthur R. Miller, Fed. Practice and Procedure, § 1237 (2009) (explaining that cases like Paragon that have imposed a heightened pleading requirement in copyright actions appear to violate the "short and plain" mandate of Rule 8, particularly in light of relevant Supreme Court decisions); Jetform Corp. v. Unisys Corp., 11 F.Supp.2d 788, 790 (E.D. Va. 1998) (rejecting the heightened pleading requirements set forth in Paragon because they appeared to violate Supreme Court precedent).

Defendants acknowledge that the Ninth Circuit has never adopted the reasoning in Paragon, but (somewhat inconsistently) claim that Paragon's reasoning is nonetheless "in sync with the general Rule 8 standard" because it "merely forces a claimant to allege sufficient details about each element of its alleged copyright claims, and to put the defendant on notice of the specific claims against him." (Dkt.#7 at 4 n.6) However,

requiring Plaintiff to specify additional details that Rule 8 does not require is necessarily inconsistent with Rule 8, as the references mentioned above note.

Thus, the Court must simply focus on whether the Complaint meets the requirements of Rule 8 ("a short and plain statement showing that the pleader is entitled to relief"). Here, it appears that the basic elements of a copyright infringement claim are already present in the Complaint. The Complaint alleges present ownership of the copyright by the plaintiff ("RKAA is the owner of a number of copyrighted architectural drawings, elevations, and specifications . . ."). (Dkt.#1 ¶ 13) The Complaint also identifies the copyright registrations that were obtained for some of the works at issue. (Dkt.#1 ¶¶ 13, 17) Finally, the Complaint alleges infringement of the copyright by Defendants ("RKAA discovered that The Bosley Group had unlawfully used, copied, and/or modified significant portions of RKAA's Copyrighted Works in providing competing architectural services . . . ."). (Dkt.#1 ¶ 15) Thus, the Complaint appears to meet the minimal Rule 8 requirement of a "short and plain statement" demonstrating that the pleader is entitled to relief.

Defendants argue that they cannot adequately prepare a response when some of the alleged infringements do not specify a copyright registration number; however, they cite no case law to support this claim besides Paragon (which is rejected for the reasons explained above). The many questions Defendants identify in their motion as unanswered by the Complaint are questions that should be addressed during discovery, and are not a sufficient basis to dismiss the complaint. Skaff v. Meridien N. Am. Beverly Hills, LLC, 506 F.3d 832, 842 (9th Cir. 2007) (explaining that "concerns about specificity in a complaint are normally handled by the array of discovery devices available to the defendant"). While the Court appreciates that further details related to the alleged copyright infringement will need to be developed during the course of this lawsuit, it finds Plaintiff's copyright infringement claim sufficiently pled to withstand Defendants' Motion to Dismiss.

1 | Defendants further argue that "an allegation of mere 'use' of a copyrighted work, without more, fails to state a claim. (Dkt.#7) However, as explained above, Plaintiff is not merely alleging use of the copyrighted works. Instead, Plaintiff alleges that Defendants "used, copied, and/or modified significant portions" of the copyrighted works. (Dkt.#1 ¶ 13)

Defendants further ask this Court to evaluate Plaintiff's credibility in asserting its copyright claims. They argue that "given Plaintiff's history of filing unmeritorious lawsuits, the Court should be weary [wary?] in permitting Plaintiff to allege, without more, that it is the 'owner' of architectural renderings related to the work it has done for Bashas." (Dkt.#7 at 6) This assertion appears to be unsupported; Defendants fail to identify a single case in which Plaintiff was adjudicated to have filed an unmeritorious lawsuit. Moreover, it is not the proper role of the Court to evaluate the merits of Plaintiff's claim at this stage of the litigation. Even at summary judgment, the Court must defer credibility determinations to the jury. The Court's role on a motion to dismiss is merely to determine whether the claims asserted are sufficiently pled. Here, Plaintiff's copyright claim appears to be sufficiently pled; consequently, Defendants' Motion to Dismiss is denied.

Because the Court has denied Defendants' Motion to Dismiss, it likewise denies Defendants' request for attorneys' fees and costs under 17 U.S.C. § 505.

**Accordingly,**

**IT IS HEREBY ORDERED** denying Defendants' Motion to Dismiss under Rule 12(b)(6). (Dkt.#7)

**IT IS FURTHER ORDERED** directing Defendants to file an answer no later than October 12, 2009 pursuant to Rule 12(a)(4).

DATED this 21st day of September, 2009.

_____
Mary H. Murguia
United States District Judge